UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LORENZO ROBERT SAVAGE III,

                      Plaintiff,

                                    **DECLARATION**
- against -                      Case No. 1:24-cv-03278-NRB

NYP HOLDINGS, INC. d/b/a NEW YORK POST,
MIRANDA DEVINE, and JONATHAN LEVINE,

                      Defendants.
------------------------------------------------------------------------X

      **LORENZO ROBERT SAVAGE III**, declares under penalty of perjury that the statements set forth herein are true and correct:

1. I am the Plaintiff in the above-captioned matter, and as such, I am fully familiar with the material facts and circumstances stated herein. This Declaration is submitted in opposition to the defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

2. As set forth in the Complaint, I served as a Special Agent for the United States Secret Service ("Secret Service") from April 1993 until my retirement in April 2018. I ceased active duty in November 2017 for a Chief Executive Officer position with a private security company. I was the Special Agent In Charge of the Secret Service Los Angeles Field Office from July 2015 until November 2017. In that capacity, I oversaw all Secret Service protective, investigative, and protective intelligence operations conducted by that office, including three resident offices located in Riverside, Santa Ana, and Ventura, California.

3. On or about January 15, 2021, I started my own private security business, known as Savage III, Inc., which is headquartered in Los Angeles, California. Savage III, Inc. provides executive protection, security risk assessment, investigative services, and private security services to Members of Congress and to private businesses.

4. The successful operation of a private security business such as Savage III, Inc. requires an impeccable reputation, free from adverse publicity or the taint of political partisanship, while complying with ethical standards and protocols. In order to attract and maintain clients, it is essential that clients have trust in my expertise, absence of bias, apolitical existence, and adherence to ethical standards, among other things.

5. As a result of the false allegations about me set forth in the Article and another similar publication at or about the same time, my business lost several security contracts that would have otherwise been awarded to my business. Each of these prospective clients had expressed their commitment to engaging the services of my business, and they retained other service providers following the publication of the Article.

6. The prospective clients whose business was lost because of the publication of the Article, and the revenue lost as a result, are as follows: (i) Porter Ranch Residential - $393,120 annually; (ii) Saban Group - $197,600 annually; (iii) APEC CEO Summit - $140,000 for a single event in November 2023; (iv) VISTA EQUITY- $2 million annually; (v) Senator Brown Campaign- $1,779,048 for 18 months for 2024 Election; (vi) Senator Tester Campaign - $988,360 for 10 months; (vii) United Rentals - $864,864 annually; (viii) Signet Jewelers - $1-2 million annually; (ix) William Lucas Estate Detail - $438,000 for 1 year only; and (x) BNSF Railway - $20 Million annually.

Dated: January 2, 2025

/s Lorenzo Robert Savage III
Lorenzo Robert Savage III