# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Jeffrey J. Chapman**
Direct: 212.548.7060
jchapman@mcguirewoods.com

October 17, 2025

**Via ECF**

Hon. Naomi Reice Buchwald, U.S.D.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 21A
New York, NY 10007-1312

      Re:    ***Lorenzo Robert Savage III v. NYP Holdings, Inc. d/b/a New York Post, et al.*** **Case No. 1:24-cv-03278-NRB, and *Lorenzo Robert Savage III v. Associated Newspapers Ltd., et al., Case No.* 1:24-cv-03280**
*Letter Outlining Substantive Argument Advanced in Motion to Reconsider*

Dear Judge Buchwald:

    We represent the plaintiff, Lorenzo Robert Savage, III ("Plaintiff" or "Mr. Savage") in the above-captioned cases. Pursuant to Rule 2.C of the Court's Individual Practices, this letter outlines the substantive arguments advanced in the Motion Under Rule 59(e) to Reconsider and Alter or Amend Judgment that is being jointly filed today in both matters. The motion seeks reconsideration of the Court's September 19, 2025 Memorandum and Order dismissing the cases and denying leave to file an amended complaint.

    The Order granting Defendants' respective motions to dismiss concluded that Plaintiff could not state a defamation claim because, *inter alia*, the Court believed that the false statements at issue lacked defamatory meaning. The Court also concluded that leave to amend should not be granted since Plaintiff had an opportunity to amend the Complaint after an exchange of pre-motion letters and/or because the Court believed that Plaintiff's libel *per quod* claims are futile. Respectfully, the Court should reconsider this decision, particularly its rejection of Plaintiff's request for an opportunity to file an amended complaint that addresses the Court's concern regarding the nature of the defamatory statements. In denying Plaintiff's request, the Court overlooked controlling law favoring amendment and the resolution of cases on their merits.

    <u>First</u>, any purported delay is no basis for denial of leave to amend. In its Order, the Court rejected Plaintiff's request for leave to amend because Plaintiff already had an opportunity to amend in response to Defendants' two- and four-page pre-motion letters, but elected not to do so

Hon. Naomi Reice Buchwald, U.S.D.J.
October 17, 2025
Page 2

in either case. In rejecting the request, the Court ascertained that the pre-motion letters provided Plaintiff with "full knowledge" of Defendants' view of the defects in the pleadings.

However, the pre-motion letters did not provide "full knowledge" of Defendants' or the Court's view of the defects. Nor could they have. *See, e.g.*, *Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 55 (2d Cir. 2022) (explaining that litigants do not have the opportunity "present [their] best arguments" in a "three-page pre-motion letter[].")."  Further, the Court's restrictive approach to amendment is at odds with well-established and controlling authority explaining that Rule 15(a)'s direction that "leave to amend should be freely given when justice so requires" is a "mandate . . . to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, the Supreme Court has counseled that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Id.* at 181. After all, "the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 182.

The Second Circuit has taken this guidance to heart. *See Mandala v. NTT Data, Inc.*, 88 F.4th 353 (2d Cir. 2023). In *Mandala*, the district court stated that the plaintiffs were put on notice of deficient allegations through arguments raised in a motion to dismiss, but "made a 'strategic decision' to stand by their original complaint' and 'test the theory of law they believed to be proper.'" The district court denied leave to amend, faulting the plaintiffs for failing to seek relief earlier. *Id.* at 362. The Second Circuit reversed, emphasizing that the "failure to seek leave to amend pre-judgment, standing alone, does not constitute undue delay or otherwise justify denying relief from judgment for a plaintiff seeking to file a first amended complaint." *Id.* (citing *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011)). The Second Circuit has expressly held that delay alone is not a basis for denying amendment without a showing of bad faith or prejudice. *Middle Atl. Utilities Co. v. S. M. W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968).

At bottom, the Court's rejection of Plaintiff's request for leave to amend strays from Supreme Court precedent in *Foman* and Second Circuit precedent in *Mandala*, both of which reiterate the liberal spirit underlying Rule 15's declaration that leave be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Such leave was and is warranted here.

Second, Plaintiff's defamation claims are not futile. To the extent the Court's denial of leave to amend was rooted in the purported futility of the claims, the Court arrived at this conclusion without the benefit of reviewing the Proposed Amended Complaints, which contain significant factual material supporting the defamatory meaning of the statements, the context that informs that meaning, and specific damages to Plaintiff. Plaintiff has attached these Proposed Amended Complaints to this Motion, so that the Court can review them. The Proposed Amended Complaints demonstrate that Plaintiff's claims are far from futile.

As an initial matter, it is largely undisputed that the original complaints adequately pled that the statements were false, concerned Plaintiff, were published to a third party, that Defendants were at fault, and that Plaintiff had generally pled injury. The Court's Order thus based its dismissal solely on the grounds that the first element—which requires the statements to be defamatory—was not met. The Proposed Amended Complaints cure this issue by adding allegations sufficient to meet the applicable legal standards for both *per se* and *per quod* defamation.

      The alleged statements are actionable *per se* because they tend to "expose another to 'public hatred, shame, obloquy, contempt, ridicule, aversion, ostracism, degradation, or disgrace' or 'to induce an evil opinion of one in the minds of right-thinking persons and to deprive one of one's confidence and friendly intercourse in society' [and tend] to disparage a person in the way of his office, profession or trade." *Idema v. Wager*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002).

      Specifically, the Proposed Amended Complaints provide the Court with particular facts about relevant standards of conduct and professionalism in the security industry (in which Plaintiff continues to be employed), as well as explain why off-duty engagement with a protectee or improper favors to a public official would be a violation of multiple codes of conduct applicable to former U.S. Secret Service Agents, not to mention a potential violation of federal law applicable to recent retirees, in addition to being viewed as improperly partisan and unprofessional in the security industry as a whole. The Proposed Amended Complaints also include allegations demonstrating the significant economic harm that has resulted from Defendants' revival of the false allegations, namely, the fact that the stain caused by Defendants' defamatory statements have caused Plaintiff's company to not be hired by a single Republican since the publications were made, even though Republicans make up a huge client base for Plaintiff's field.

      The statements are also actionable *per quod* because they connotate defamatory ideas about Plaintiff, and because Plaintiff otherwise pleads special damages—which involve economic or pecuniary losses that "flow directly from the injury to reputation by defamation." *Id.* at 368. The Proposed Amended Complaints provide greater context supporting the defamatory nature of Defendants' statements and include allegations pertaining to specific lost customers, by name and with itemized losses, quantified by month. This, combined with the new allegations set forth above, is more than sufficient to properly allege *per quod* defamation.

      For these reasons, Plaintiff respectfully requests reconsideration of the Court's Order under Federal Rule of Civil Procedure 59(e).

      Respectfully Submitted,

      */s/ Jeffrey J. Chapman*

      Jeffrey J. Chapman

cc:    Counsel of Record (via ECF)