

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Robert Balin**
212.489.8230 tel
212.489.8340 fax
RobBalin@dwt.com

December 15, 2025

**VIA ECF**

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
Courtroom 21A
500 Pearl Street
New York, NY 10007-1312

      Re:    *Savage v. NYP Holdings, Inc.*, No. 24-cv-3278-NRB;
              *Savage v. Assoc. Newspapers Ltd., et al.*, No. 1:24-cv-03280-NRB

Dear Judge Buchwald:

      This firm represents defendants Associated Newspapers Ltd., Mail Media Inc., NYP Holdings, Inc., Miranda Devine, and Jonathan Levine ("Defendants") in the above-referenced, related libel cases.  We write pursuant to Section 2(C)(1) of the Court's Individual Practices, regarding Plaintiff's motion to amend or alter the judgment pursuant to Fed. R. Civ. P. 59 (which seeks reconsideration of the Court's September 19 Order granting Defendants' motions to dismiss (Dkt. 38 in both actions ("MTD Order")).  Because Plaintiff fails to satisfy the strict standard applied to reconsideration motions under F.R.C.P. 59(e), the Motion should be denied.

      **Background.**  Plaintiff's defamation lawsuits arise from two news articles and a Twitter post, all published in September and October 2023 (the "Challenged Publications").  MTD Order at 3-7.  The language of each publication differs significantly, but they all reference a 2018 incident in which Plaintiff, a retired Secret Service agent, reportedly put a stop to Hunter Biden's "hooker and drug-fueled binge" at a Los Angeles hotel.  *Id.*  Defendants in each lawsuit moved to dismiss on the ground that the Challenged Publications are not susceptible to any defamatory meaning as to Plaintiff.  This Court granted Defendants' motions (*id.* at 26); it also denied Plaintiff's request to amend his pleadings on the grounds that (i) Plaintiff already had been given leave to amend after the parties exchanged pre-motion letters, but declined to do so; and (ii) amendment would be futile in any event.  *Id*.  Plaintiff's current Motion only challenges the portion of the MTD Order denying him leave to file amended complaints.

      **Legal Standard**.  Reconsideration under Rule 59(e) is "an ***extraordinary remedy*** to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Medina v. Tremor Video, Inc.*, No. 13-cv-8364 (PAC), 2015 WL 3540809, at *1 (S.D.N.Y. June 5, 2015) (emphasis added), *aff'd*, 640 F. App'x 45 (2d Cir. 2016).  A judgment will not be

reconsidered absent "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. GMBH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal citation and quotation marks omitted). "These standards … apply in full force to a motion for reconsideration of a denial of leave to replead." *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 CIV. 5048(HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009) (internal citation omitted).

**Argument**. Plaintiff has failed to establish any basis for reconsideration of the Court's Order, and his proposed amendments should be rejected as futile.

*First*, Plaintiff does not identify any "clear error of law" that could overcome the "strict" standard governing Rule 59(e) motions. *Medina*, 2015 WL 3540809, at *1. He argues that he is entitled to amend, claiming that this Court purportedly "overlooked" the liberal amendment policy embodied by F.R.C.P. 15(a). Mot. at 4. Plaintiff also asserts that the Court "failed to consider" that he "needed the full benefit of the parties' briefing and the Court's Order" to properly amend his pleadings. *Id*. Both of his meritless arguments should be rejected.

"[T]he decision of whether to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, No. 23-CV-10753 (LAP), 2025 WL 1826583, at *2 (S.D.N.Y. July 2, 2025). It is well-settled that denial of leave to amend is appropriate where the plaintiff already has been given an opportunity to re-plead his claims at the pre-motion stage. *See, e.g., Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 644-45 (2d Cir. Aug. 20, 2009). Defendants' pre-motion letter detailed the deficiencies in Plaintiff's Complaints; despite being given an opportunity to amend, he chose not to do so. MTD Order 24. Plaintiff's excuse – that he could not have amended his pleadings without first knowing how the Court would rule – is baseless: it is well-established that plaintiffs are "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (internal citation and quotation marks omitted).

Plaintiff's other assertion, that the Court failed to consider his proposed amendments, is false. His oppositions to the dismissal motions purported to identify various additional extrinsic facts, including standards applicable to private security professionals and statements about Plaintiff in the media. *See, e.g.*, No. 24-cv-03278, Dkt. 31 (Opp. Br.) at 6-7; Dkt. 33 (Declaration) ¶ 4; No. 24-cv-3280, Dkt. 31 (Opp. Br.) at 6; Dkt. 33 (Declaration) ¶ 4. This Court *did* consider these extrinsic facts, and correctly concluded that even if pleaded, they would not change the result. MTD Order 24-25. There is no "clear error of law" in the MTD Order, nor does Plaintiff identify any other basis for reconsideration.

*Second*, Plaintiff's proposed amended complaints (Dkt. 45-1 in both actions) (the "PACs") reaffirm why amendment would be futile. The proposed amendments do not identify any additional defamatory language. They simply expound on the same extrinsic facts Plaintiff

presented in his oppositions to the dismissal motions (*e.g.*, standards applicable to private security professionals, public statements made about Plaintiff, and alleged special damages). *See* Mot. at 8. Plaintiff argues that these new allegations would (i) cure the defects in his claim for defamation per se; and (ii) give him a basis for pleading a new claim for defamation per quod. Both arguments lack merit.

Plaintiff's alleged "external context" (Mot. at 8), cannot salvage his claim for defamation per se. As the Court already explained, "statements cannot be [defamatory] per se if reference to extrinsic facts is necessary to give them a defamatory import." MTD Order at 21.

The new allegations also fail to state a claim for defamation per quod, which requires a showing that the challenged language is "libelous due to extrinsic circumstance[.]" *Idema v. Wager*, 120 F. Supp. 2d 361 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002). Most of Plaintiff's new allegations identify professional "standards" and laws that purportedly apply to security executives. *See, e.g.*, No. 24-cv-03278, Dkt. 45-1 ¶¶ 24-33. But defamatory meaning is evaluated from the perspective of the "average reader" of the publication at issue. *James v. Gannett Co.*, 40 N.Y.2d 415, 419-20 (1976). Because Plaintiff does not (and cannot) allege that these so-called standards are known to typical readers of the Challenged Publications, they are not capable of imparting defamatory meaning to the Challenged Publications. Plaintiff tries to address this problem by citing various media statements and government inquiries that occurred in 2021 and 2022, which he found to be disparaging towards him. *See, e.g.*, No. 24-cv-03278, Dkt. 45-1 ¶¶ 43-49. But these allegations also are irrelevant to a reader's understanding of the Challenged Publications, which were not published until more than a year later, in September and October of 2023.[1]

In sum, because none of the extrinsic facts identified in Plaintiff's proposed amended pleadings plausibly cure the absence of defamatory meaning, amendment is futile.

> Respectfully submitted,
> By: ___*/s/ Robert D. Balin*___
>         Robert D. Balin

Copy (via ECF) to:  all counsel

---

[1] As set forth in Defendants' brief, Plaintiff also failed to adequately plead special damages that were causally related to the Challenged Publications.