UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

LORENZO ROBERT SAVAGE III,                  :        1:24-cv-03278-NRB

                Plaintiff,                        :

      - against -                              :

NYP HOLDINGS, INC. d/b/a NEW YORK    :
POST, MIRANDA DEVINE, JONATHAN    :
LEVINE,                                                  :

               Defendants.                     :

———————————————————————— 

                                             :

LORENZO ROBERT SAVAGE III,                  :

                 :        1:24-cv-03280-NRB

                Plaintiff,                        :

      - against -                              :

ASSOCIATED NEWSPAPERS LTD., and    :
MAIL MEDIA, INC.                                    :

               Defendants.                     :

———————————————————————— x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION BY
PLAINTIFF TO RECONSIDER AND
ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .................................................................................................................... 3

      A.    The Complaints .................................................................................... 3

      B.    Plaintiff Declines to Amend .................................................................. 3

      C.    The MTD Order ................................................................................... 3

LEGAL STANDARD............................................................................................................. 4

ARGUMENT ....................................................................................................................... 5

I.     PLAINTIFF FAILS TO IDENTIFY ANY "CLEAR ERROR" THAT WOULD
       WARRANT RECONSIDERATION............................................................................... 5

II.    PLAINTIFF'S PROPOSED AMENDMENTS ARE FUTILE........................................... 8

      A.    The Proposed Amendments Do Not Salvage Plaintiff's Defamation Per Se
           Claim...................................................................................................... 8

      B.    Plaintiff Cannot State a Claim for Defamation Per Quod...................................... 8

           1.    Allegations About Ethical and Professional Standards Do Not Create
               An Actionable Defamatory Meaning........................................................ 9

           2.    Other Publications From Years Earlier Are Irrelevant. ........................... 11

           3.    The Amendments Would Not Cure The Lack Of Connection Between
               the Challenged Publications and Plaintiff's Alleged Special Damages.... 11

CONCLUSION.................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bellikoff v. Eaton Vance Corp.*,
    481 F.3d 110 (2d Cir. 2007)..................................................................................................2, 5

*Foman v. Davis*,
    371 U.S. 178 (1962)............................................................................................................5, 6

*Idema v. Wager*,
    120 F. Supp. 2d 361 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002).....................8, 10

*In re Gildan Activewear, Inc. Sec. Litig.*,
    No. 08 CIV. 5048(HB), 2009 WL 4544287 (S.D.N.Y. Dec. 4, 2009) ..............................4, 5, 7

*Inst. for Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*,
    No. 08 CIV. 6195PKC, 2009 WL 3254457 (S.D.N.Y. Oct. 9, 2009) ......................................7

*Int'l Code Council, Inc. v. Upcodes, Inc.*,
    43 F.4th 46 (2d Cir. 2022) ......................................................................................................7

*James v. Gannett Co.*,
    40 N.Y.2d 415 (1976) .............................................................................................................9

*Medina v. Tremor Video, Inc.*,
    No. 13-CV-8364 PAC, 2015 WL 3540809 (S.D.N.Y. June 5, 2015), *aff'd*, 640 F. App'x 45
    (2d Cir. 2016)......................................................................................................................1, 4

*Metzler Inv. GMBH v. Chipotle Mexican Grill, Inc.*,
    970 F.3d 133 (2d Cir. 2020)..................................................................................................4, 6

*Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*,
    No. 23-CV-10753 (LAP), 2025 WL 1826583 (S.D.N.Y. July 2, 2025)...................................5

*Oakley v. Dolan*,
    833 F. App'x 896 (2d Cir. 2020)...........................................................................................11

*Rosner v. Star Gas Partners, L.P.*,
    344 F. App'x 642 (2d Cir. 2009) .............................................................................................6

*Savage v. NYP Holdings, Inc.*,
    No. 24 Civ. 3278 (NRB) (Dkt. 38), 24 Civ.03280 (Dkt. 38), 2025 WL 2687992 (S.D.N.Y.
    Sept. 19, 2025) .......................................................................................................... *passim*

*Seljak v. Pervine Foods, LLC*,
    2023 WL 2354976 (S.D.N.Y. Mar. 3, 2023)...........................................................................7

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011)...................................................................................6

**Statutes**

18 U.S.C. § 207(c) ...............................................................................................10

**Other Authorities**

F.R.C.P. § 15(a) .................................................................................................4, 5

F.R.C.P. § 59(e) ...........................................................................................1, 2, 4, 5

Defendants NYP Holdings, Inc., Miranda Devine, Jonathan Levine, Associated Newspapers Ltd., and Mail Media Inc. ("Defendants") respectfully submit this opposition to Plaintiff Lorenzo Robert Savage III's ("Plaintiff's") motion for reconsideration ("Mot.") pursuant to F.R.C.P. 59(e).

## PRELIMINARY STATEMENT

On September 19, 2025, this Court granted Defendants' motion to dismiss Plaintiff's libel claims in two related cases arising from news reports about Hunter Biden. *Savage v. NYP Holdings, Inc.*, No. 24 Civ. 3278 (NRB) (Dkt. 38), 24 Civ.03280 (Dkt. 38), 2025 WL 2687992 ("MTD Order") (S.D.N.Y. Sept. 19, 2025).[1]  In a lengthy decision, this Court properly found that none of the challenged publications—which referred to a 2018 incident in which Plaintiff, a retired Secret Service agent, allegedly put a stop to Hunter's "hooker and drug-fueled binge"— were susceptible to any defamatory meaning as to Plaintiff.  MTD Order 19-22.  The Court also denied Plaintiff's request to amend his pleadings because Plaintiff already had been given leave to amend after the parties exchanged pre-motion letters, but declined to do so; the Court also found amendment would be futile. *Id.* at 23-25.  Plaintiff hired new lawyers, who now seek reconsideration of the Court's ruling denying him leave to file amended complaints in each case. Because Plaintiff has not come close to meeting the strict standards for reconsideration, his Motion should be denied.

*First*, reconsideration of a judgment "is an ***extraordinary remedy*** to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Medina v. Tremor Video, Inc.*, No. 13-CV-8364 PAC, 2015 WL 3540809, at *1 (S.D.N.Y. June 5, 2015) (emphasis added) (internal quotation marks and citation omitted), *aff'd*, 640 F. App'x 45 (2d Cir.

---

[1] Citations to "MTD Order" refer to the pagination in the slip opinion.

2016).  Plaintiff fails to identify any "clear error of law" that could overcome the "strict

standard" governing Rule 59(e) motions.  *Id.*  Instead, Plaintiff asserts that he could not have

amended his Complaints without knowing how the Court would rule on Defendants' dismissal

motions.  Mot. 5.  This is pure sophistry:  it is well-established that plaintiffs are "not entitled to

an advisory opinion from the Court informing them of the deficiencies in the complaint and then

an opportunity to cure those deficiencies."  *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118

(2d Cir. 2007).  Defendants' pre-motion letter detailed the deficiencies in Plaintiff's Complaints;

despite being given an opportunity to amend, he chose not to do so.  MTD Order 23-25.

   Plaintiff's other assertion, that the Court failed to consider his proposed amendments, is

false.  Plaintiff's oppositions to the dismissal motions purported to identify various additional

extrinsic facts, including standards applicable to private security professionals and statements

about Plaintiff in the popular media.[2]  The Court considered those extrinsic facts, and correctly

concluded that even if pleaded, they would not change the result.  MTD Order 24-25.  There is

no "clear error of law" in the MTD Order, nor does Plaintiff identify any other basis for

reconsideration.

   *Second*, Plaintiff's proposed amended complaints (Dkt. 45-1 in both actions) (the

"PACs") reaffirm why amendment would be futile, for the reasons already explained in the MTD

Order.  MTD Order 24-25.  The proposed amendments offer nothing new; they simply expound

on the same extrinsic facts Plaintiff presented in his oppositions (*e.g.*, standards applicable to

private security professionals, public statements made about Plaintiff, and alleged special

---

[2] *See, e.g.*, No. 24-cv-3280, Dkt. 31 (Opp. Br.) at 6; No. 24-cv-03278, Dkt. 31 (Opp. Br.) at 6-
7; Dkt. 33 (Declaration) ¶ 4.

damages).  These allegations would not salvage Plaintiff's defamation per se claim, or state a

claim for defamation per quod.  Plaintiff's Motion should be denied.

## BACKGROUND

### A.    The Complaints

Plaintiff's defamation claims arise from three publications:  a news article published by

the *New York Post* and related Tweets by its reporter in September 2023; and a news article

published by the *Daily Mail* in October 2023 ("Challenged Publications").  MTD Order 3-7.  As

the MTD Order noted, the Challenged Publications were not identical, including their statements

about Plaintiff.  *Id.*  Collectively, however:

> The publications assert, in sum and substance, that: (1) Hunter Biden was
> purportedly engaging in illegal activities while on a "binge" or "bender"; (2)
> Savage was getting calls from "DC" relating to Hunter Biden's activities; (3)
> Savage had "ties" to Hunter Biden; and (4) Savage provided Hunter Biden with
> "critical assistance" by texting Hunter Biden "demanding Hunter let him" into the
> hotel room, thereby "end[ing]" Mr. Biden's "binge."

*Id.* at 14.  The Complaints allege that the Challenged Publications "directly accuse" Plaintiff of

engaging in illegal activity, abusing his position, covering up Hunter Biden's activities, and

being unfit to perform his duties.  *Id.* at 15.

### B.    Plaintiff Declines to Amend

Pursuant to this Court's rules, the parties exchanged pre-motion letters concerning

Defendants' anticipated motion to dismiss.  *Id.* at 9.  This Court then offered Plaintiff an

opportunity to amend his complaints, but he declined to do so.  *Id.* at 10.  Defendants

subsequently filed their motions to dismiss.  *Id.*

### C.    The MTD Order

After full briefing, this Court granted Defendants' motions, finding that none of the

Challenged Statements were capable of defamatory meaning as to Plaintiff.  MTD Order 14-19.

The Court also denied Plaintiff's new request "to amend his complaints so that he can allege the required elements of a libel per quod claim[.]"  *Id.* at 23-24.  The MTD Order noted that "plaintiff was afforded an opportunity to amend his initial complaint" after Defendants identified the "defects in the pleadings," but chose not to do so.  *Id.* at 24.  The Court also considered the proposed amendments identified in Plaintiff's opposition brief,[3] finding them insufficient to plead libel per quod.  *Id.* at 24-25.  Accordingly, the Court found "no reason to believe that an amended complaint will be well-pled."  *Id.* at 25.

## LEGAL STANDARD

Plaintiff effectively ignores the standard applicable to post-judgment challenges.  "Before a party can amend its complaint post-judgment under Rule 15(a)(2), it must first have the judgment vacated or set aside[.]"  *Medina*,2015 WL 3540809, at *1 (internal citation omitted).  Under F.R.C.P. 59(e), a judgment will not be reconsidered absent "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Metzler Inv. GMBH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020) (internal citation and quotation marks omitted).  "These standards …  apply in full force to a motion for reconsideration of a denial of leave to replead."  *In re Gildan Activewear, Inc. Sec. Litig.*, No. 08 CIV. 5048(HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009) (internal citation omitted).

Contrary to Plaintiff's assertions, these standards "are ***strict***: [r]econsideration of a previous order by the court is an ***extraordinary remedy*** to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Medina*, 2015 WL 3540809, at *1

---

[3] Those essentially mirrored the allegations in the PACs, including standards applicable to private security businesses and other publications about Plaintiff and Hunter Biden.  *Compare* No. 24-cv-03278, Dkt. 33 ¶ 4 and Dkt. 31 at 1-2, 6-7, 10-12, 14-17 *with* Motion, Exs. A-B.

(emphasis added) (internal quotation marks and citation omitted).  Notwithstanding the "liberal amendment" policy in Rule 15, "in the post-judgment setting [courts] also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Bellikoff*, 481 F.3d at 118 (internal citation omitted).  Orders denying leave to amend are *not* subject to reconsideration under F.R.C.P. 59(e) where, as here, the plaintiff was *on notice* of the potential deficiencies in his pleading and refused an invitation to amend,[4] or where (as here) proposed amendments were found to be futile.[5]  "Ultimately, the decision of whether to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Newton*, 2025 WL 1826583, at *2 (internal citation omitted).

## ARGUMENT

### I.    PLAINTIFF FAILS TO IDENTIFY ANY "CLEAR ERROR" THAT WOULD WARRANT RECONSIDERATION.

The *only* part of the MTD Order at issue here is the Court's denial of Plaintiff's request for leave to amend.  Plaintiff argues that he is entitled to amend, because the Court purportedly "overlooked" the liberal amendment policy embodied by F.R.C.P. 15(a).  Mot. at 4.  Plaintiff further asserts that the Court "failed to consider" that he "needed the full benefit of the parties' briefing and the Court's Order" to properly amend his pleadings.  *Id*.  His meritless arguments should be rejected.

Plaintiff's Motion relies extensively on *Foman v. Davis*, 371 U.S. 178 (1962), which reversed an appellate court's refusal to review a denial of leave to amend based solely on a technical defect in the plaintiff's notice of appeal.  *Id*. at 181.  In contrast, this Court did not deny

---

[4] *See, e.g.*, *In re Gildan Activewear*, 2009 WL 4544287, at *3.

[5] *See, e.g.*, *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, No. 23-CV-10753 (LAP), 2025 WL 1826583 (S.D.N.Y. July 2, 2025).

leave to amend because of "mere technicalities." *Id.* It properly found leave to amend was unwarranted because, unlike *Foman,* Plaintiff here already had been "afforded an opportunity to amend his initial complaint [at the pre-motion stage], with full knowledge of defendants' view of the defects in the pleadings," MTD Order 24. Moreover, this Court properly found that Plaintiff's proposed amendments—adding extrinsic facts described in his oppositions to Defendants' dismissal motions—would be futile. *Id.* The MTD Order is *consistent* with *Foman*, which held that "denial of an opportunity to amend is within the discretion of the District Court," and is *justified* when supported by findings of "undue delay [and] futility." 371 U.S. at 182.

The Court's ruling also is consistent with numerous decisions by the Second Circuit, which have rejected the same rationale offered by Plaintiff. *See, e.g., Rosner v. Star Gas Partners, L.P.*, 344 F. App'x 642, 645 (2d Cir. 2009) (finding no abuse of discretion where district court "gave plaintiffs-appellants the opportunity to amend the Complaint after a pre-motion telephone conference where the defendants described their arguments in favor of dismissal [and] [p]laintiffs-appellants declined to do so"); *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) ("[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to grant leave to amend] more exactingly.") (internal citation omitted);[6] *Metzler*, 970 F. 3d at 146 (finding that giving plaintiff one chance to replead was sufficient)).

Plaintiff's assertion that he could not amend without full briefing and the Court's Order is specious. Mot. at 4. Defendants' pre-motion letter contained the same arguments as their motions to dismiss; Plaintiff's letter responded with the same arguments he ultimately made in

---

[6] Although the *Williams* court ultimately reversed the lower court's denial of leave to amend, that case is distinguishable because (as noted below) the plaintiff there had not been given *any* opportunity to amend and there was no finding of futility. 659 F.3d at 214.

his opposition (and that he makes now).[7]  MTD Order 23-24.  Moreover, courts in this district

have expressly *rejected* the notion that a plaintiff "should have yet another bite at the apple after

having had the additional benefit of the Court's explication of the shortcomings of the

complaint."  *In re Gildan Activewear, Inc. Sec. Litig.*, 2009 WL 4544287, at *5.  *See also Seljak*

*v. Pervine Foods, LLC*, 2023 WL 2354976, at *16 (S.D.N.Y. Mar. 3, 2023) (pleading is not "an

interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court

over a rhetorical net until a viable claim emerges.") (quotation marks and citations omitted).[8]

The few other cases Plaintiff cites are inapposite.  *See* Mot. at 6 (citing *Mandala v. NTT*

*Data Inc.*, 88 F. 4th 353, 362 (2d Cir. 2023); *Middle Atl. Utilities Co. v. S. M. W. Dev. Corp.*, 392

F.2d 380, 384 (2d Cir. 1968); *Williams*, 659 F.3d at 214).  In each of these cases, the plaintiff

was not given *any* opportunity to replead, nor did the courts find that amendment would be futile.

Here, Plaintiff *was* afforded an opportunity to amend his claims, which he declined; moreover,

his belated request in his opposition was found to be futile.

The Court's denial of leave to amend was a proper exercise of its discretion.  Plaintiff has

failed to demonstrate any basis for allowing the "extraordinary remedy" of reconsideration.

---

[7] Plaintiff mischaracterizes *Int'l Code Council, Inc. v. Upcodes, Inc.*, 43 F.4th 46 (2d Cir.
2022), which he cites to assert that pre-motion letters are categorically incapable of providing
"notice" of a party's arguments.  Mot. at 5.  That is not at all what *Int'l Code* held.  In that case,
the Second Circuit found that the "district court erred by *sua sponte* and without notice
construing the parties' pre-motion letters as briefing on a motion to dismiss and granting that
motion."  43 F.4th at 53.  Here, in contrast, this Court found amendment would be futile after full
briefing by the parties.

[8] Plaintiff's assertion that he should be given post-judgment leave to amend because he
changed lawyers (Mot. at 6) is even more absurd, and does not change the strict standards for
seeking a "do-over."  *See Inst. for Dev. of Earth Awareness v. People for the Ethical Treatment*
*of Animals*, No. 08 CIV. 6195PKC, 2009 WL 3254457 (S.D.N.Y. Oct. 9, 2009) (rejecting motion
to reconsider denial of leave to amend where plaintiff argued that its prior counsel "may not have
understood" the court's prior order).

## II.    PLAINTIFF'S PROPOSED AMENDMENTS ARE FUTILE

Plaintiff's proposed amended complaints confirm that his renewed request to amend should be denied as futile.  Notably, Plaintiff does not dispute the Court's finding that the challenged language, read in context, is not reasonably susceptible to defamatory meaning with respect to Plaintiff.  Nor do the proposed amendments identify any additional defamatory statements.  Instead, Plaintiff's PACs merely expand on the same "extrinsic facts" described in his opposition to Defendants' motions, which this Court properly found to be inadequate to state a claim for either defamation per se or defamation per quod.

### A.    The Proposed Amendments Do Not Salvage Plaintiff's Defamation Per Se Claim.

Even with the proposed amendments, Plaintiff cannot state a valid claim for defamation per se.  His PACs remarkably include the same allegation that the Challenged Publications "***directly*** accuse" him of misconduct, *see* Dkt. 45-2 ¶ 77, despite this Court's finding that the actual language in the Challenged Publications is not defamatory.  MTD Order 14-19.  Plaintiff even concedes in his Motion that these new allegations provide "external context" for the challenged language (Mot. at 9) – but as this Court explained, "statements cannot be [defamatory] per se if reference to extrinsic facts is necessary to give them a defamatory import." MTD Order 21 (internal citation omitted).  His proposed amendments do not change this fundamental legal principle.

### B.    Plaintiff Cannot State a Claim for Defamation Per Quod

Defamation per quod is pleaded where the challenged language is "libelous due to extrinsic circumstances."  *Idema v. Wager*, 120 F. Supp. 2d 361, 368 (S.D.N.Y. 2000), *aff'd*, 29 F. App'x 676 (2d Cir. 2002).  Because none of Plaintiff's proposed new allegations give

defamatory meaning to the Challenged Publications, his attempt to plead defamation per quod also is futile.[9]

### 1.    Allegations About Ethical and Professional Standards Do Not Create An Actionable Defamatory Meaning.

Plaintiff's PACs propose bolstering his assertion that security operators have certain professional, ethical and legal standards. *See* Mot. at 8.  But as this Court already found (MTD Order 24), expanding these allegations would not suffice to state a claim for defamation per quod.

*First*, extrinsic facts cannot create defamatory meaning from otherwise non-defamatory words unless they would have plausibly been known to the "average reader" of the challenged publication. *James v. Gannett Co.*, 40 N.Y.2d 415, 419-20 (1976).  Plaintiff does not even attempt to assert that a typical reader of Defendants' publications would be familiar with the legal and ethical standards governing private security executives, much less know about the specific federal statutes and agency policies Plaintiff identifies.  Nor could he credibly do so.  Plaintiff's inability to plausibly plead that these extrinsic facts were known to average readers of the Challenged Publications is fatal to his per quod claim.

*Second*, none of the Challenged Publications could reasonably be read to suggest that Plaintiff violated those standards in any event.  For example, Plaintiff claims it would be a violation of professional standards if he had an "off-duty engagement with a protectee," acted as a political partisan, or did "improper favors" for Hunter Biden.  Mot. at 8.  But this Court already found that the Challenged Publications cannot reasonably be read to suggest any of those things.

---

[9] Notably, Plaintiff does not even try to explain how any of his new allegations impart defamatory meaning on any specific statement in any of the three Challenged Publications, (which, as referenced above, are quite different).  This provides additional grounds for finding the proposed amendments to be futile.

*See* MTD Order 15-16 (finding Challenged Publications do not suggest that Plaintiff abused any official or unofficial position, or engaged in any illegal conduct).  To the contrary, this Court concluded correctly that the Challenged Publications paint Plaintiff in "laudatory" terms, and do not imply that Plaintiff engaged in a coverup, did special favors for Hunter, or failed to report illegal activity.  *Id.* at 17 ("[t]he publications' recounting of the 2018 incident stops at the hotel door.  They do not detail what Mr. Savage supposedly did after he purportedly sent the last text message to Mr. Biden.").[10]  Because none of the Challenged Publications can be reasonably read as implying that Plaintiff violated any of the legal standards identified in his PACs, amendment is futile.

*Third*, several items cited in Plaintiff's proposed amendments are clearly inapplicable here.  For example, Paragraph 27 of the PACs cites Offense Code 1.3, which prohibits Secret Service agents from having improper personal relationships with informants and confidential witnesses.[11]  But nothing in the Challenged Publications suggests that Hunter Biden was an informant or confidential witness.  Similarly, Paragraph 29 of the proposed PACs cites a federal anti-bribery statute which prohibits certain types of conversation between recently retired officials and "senior government officials" (18 U.S.C. 207(c)), but this also is inapplicable, because Hunter Biden was not a "senior government official."

---

[10] Indeed "nothing in the language of the at-issue publications can be read to contain defamatory innuendo," MTD Order 24, and it is well-settled that "the plain and obvious meaning of the challenged language cannot be altered or changed by innuendo," *Idema*, 120 F. Supp.2d at 368.

[11] *See* U.S. Secret Service, *Professionalism within the Workforce* (July 17, 2015), at https://www.dhs.gov/sites/default/files/publications/United%20States%20Secret%20Service%20%28USSS%29%20-%20Professionalism%20within%20the%20Workforce.pdf (last visited Dec. 12, 2025).

### 2.     Other Publications From Years Earlier Are Irrelevant.

Plaintiff also seeks to add descriptions of public statements made *years* before the

Challenged Publications were published.  Mot. at 8.  For example, the PACs describe an episode

of a late-night comedy show from June 2021, which included jokes about Hunter's "bender" and

attempt to pay prostitutes.[12]  Plaintiff also describes messages allegedly sent to his employer in

June 2021, and government inquiries he received in 2021 and 2022.  *See* Dkt. 45-2 ¶ 44-49.

None of these statements have any bearing on how the Challenged Publications were understood

by average readers in September and October of 2023.  As this Court's Order held, "[t]he cited

examples of 'public reporting of the text messages' all predate the at-issue publication and do not

reflect the average reader's understanding of the at-issue publications."  MTD Order 21-22

(further noting that "any claims based on the cited examples of 'public reporting of the text

messages' are time-barred.").

### 3.     The Amendments Would Not Cure The Lack Of Connection Between the Challenged Publications and Plaintiff's Alleged Special Damages.

To plead libel per quod, Plaintiff also must allege special damages that are "causally

related to the alleged tortious act."  *Oakley v. Dolan*, 833 F. App'x 896, 901 (2d Cir. 2020).

Plaintiff asserts that "Republicans who were willing to hire him in the past are no longer willing

to use him to provide services" (Dkt. 45-1 ¶ 67), but the only specifics he provides involve

alleged contracts he was not awarded for two ***Democratic*** Senatorial candidates:  John Tester and

Sherrod Brown.  Dkt. 45-2 ¶¶ 60, 62.  Plaintiff offers no basis for inferring that Mr. Tester did

not hire him because of the Challenged Publications, and his only allegation of causation

---

[12] A video of the comedy clip referenced by Plaintiff is available at
https://archive.org/details/FOXNEWSW_20210624_030000_Gutfeld/start/1989.8/end/2176.7
(last visited Dec. 12, 2025).

concerning Mr. Brown is that a staffer for another campaign said that Plaintiff's alleged connection with Hunter Biden was disqualifying. Dkt. 45-2 ¶ 60. There is no plausible allegation of any causal link between the Challenged Publications and Plaintiff's allegedly lost business opportunities.

In sum, because none of the extrinsic facts identified in Plaintiff's proposed amended pleadings plausibly cure the absence of defamatory meaning, amendment is futile.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for post-judgment reconsideration should be denied, and his renewed request for leave to amend should be denied.

Dated: December 15, 2025
      New York, New York

DAVIS WRIGHT TREMAINE LLP

By: */s/ Robert D. Balin*
Robert D. Balin
Adam I. Rich
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Phone:    (212) 489-8230
Email:    robbalin@dwt.com
           adamrich@dwt.com

Kelli Sager (*pro hac vice*)
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Phone:    (213) 633-6800
Email:    kellisager@dwt.com

*Attorneys for Defendants NYP Holdings, Inc., Miranda Devine, Jonathan Levine, Associated Newspapers Ltd. and Mail Media, Inc.*

12

**Certification Of Word Count**

Pursuant to Local Civil Rules 6.3 and 7.1(c), I certify that the foregoing reply

memorandum of law complies with the applicable word-count limitations and contains 3,478

words, excluding the caption, table of contents, table of authorities, signature blocks, and this

certification.

Dated:  December 15, 2025
      New York, New York


                        */s/ Robert D. Balin*
                           Robert D. Balin